IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LECTROLARM CUSTOM SYSTEMS, INC., ) | |
| Plaintiff, ) | |
| v. ) | NO.   03-2330 Ma/An |
| VICON INDUSTRIES, INC., et al., ) | |
| Defendants. ) | |

### ORDER GRANTING GE INTERLOGIX, INC.'S MOTION TO COMPEL LECTROLARM TO PROVIDE ANSWERS TO GE'S REQUESTS FOR ADMISSION NOS. 11-18

Before the Court is Defendant GE Interlogix, Inc.'s ("GE") Motion to Compel Lectrolarm to Provide Answers to GE's Requests for Admission Nos. 11-18 filed on March 11, 2005. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff Lectrolarm Custom Systems, Inc. ("Plaintiff" or "Lectrolarm") initiated this action against fourteen Defendants on May 8, 2003 alleging infringement by Defendants of a patent owned by Plaintiff.[1] Service of process was executed upon twelve of the fourteen Defendants, and eight Defendants have since been dismissed by agreement of the parties. The remaining four Defendants filed Answers to the Complaint and Counter-Claims.[2] The Court

---

[1] United States Patent Number 4,974,088 ("the '088 patent") relates to a remote control apparatus for regulating the rotation of a monitoring television camera in the horizontal and vertical directions.

[2] The remaining four Defendants are GE Interlogix, Inc., Vicon Industries, Inc., Sensormatic Electronics Corporation and Bosch Security Systems, Inc.

1

entered a Rule 16(b) Scheduling Order on September 12, 2003. The instant motion deals only with Defendant GE.

GE served Plaintiff with its Second Set of Requests for Admission on October 13, 2004, which included eight requests numbered 11 to 18. While Plaintiff responded to these requests on November 19, 2004, Plaintiff refused to admit or deny all eight requests. Plaintiff argued that each request was overly broad, vague, ambiguous, or unduly burdensome. Plaintiff also argued that the requests could not be answered because certain terms were left undefined by GE. In February 2005, GE's counsel contacted Plaintiff's counsel and attempted to arrange and meet and confer regarding the requests for admission; however, Plaintiff was not receptive to GE's request.[3] GE attempted to arrange another meet and confer; however, like the first attempt, Plaintiff would not agree to the meeting. As such, GE filed the instant motion.

Plaintiff responded to the instant motion on March 29, 2005. In its Response, Plaintiff argued that (1) GE's motion is untimely, (2) GE did not consult with opposing counsel prior to filing the instant Motion, and (3) Plaintiff properly objected to the discovery requests because GE failed to define certain terms. GE filed its Reply Brief with the Court addressing the arguments raised by Plaintiff in its Response.

## ANALYSIS

### I. Timeliness of the Motion

Plaintiff first argues that the instant Motion is untimely. The Local Rules for the Western District of Tennessee state that "[a]ll discovery shall be completed and all motions in connection

---

[3] When GE asked Plaintiff if they would be willing to meet and attempt to resolve this discovery dispute, GE also asked Plaintiff if they would be willing to not raise a timeliness argument against GE if GE was required to file a motion to compel. GE states that Plaintiff was not willing to agree to such a proposal.

2

with disputed discovery shall be filed no later than the dates designated in the Scheduling Order." Local Rule 26.1(c). Plaintiff argues that the close of discovery in this action was set for January 18, 2005, and because the instant Motion was not filed until March 11, 2005, the Motion is untimely and in violation of the Local Rules.

The Court's initial Rule 16(b) Scheduling Order, entered by United States Magistrate Judge James H. Allen on September 12, 2003, states that "[m]otions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection, which is the subject of the motion, if the default occurs within 30 days of the discovery deadline . . . ." GE argues that when Plaintiff, on February 11, 2005, refused to agree to meet and confer and attempt to resolve this discovery dispute, the thirty-day time limit for GE to file a motion to compel began. After due consideration, the Court finds that Plaintiff should respond to the Requests for Admission that are in dispute. It appears GE did make a reasonable effort to resolve the dispute without court intervention, and while GE did not file its Motion to Compel within the time limit established in the September 12, 2003 Scheduling Order, there is no indication that the delay is prejudicial to Plaintiff.

A request for admission under Federal Rule of Civil Procedure 36 is a time-saving device, designed to narrow the particular issues for trial. *See* Fed. R. Civ. P. 36 advisory committee's notes; *see also United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988) (internal citations omitted). "The purpose of Rule 36 . . . is to require admission of matters which ought to be admitted, or which will not be disputed at the trial, so that the time, trouble and expense required to prove them may be avoided." *Metropolitan Life Ins. Co. v. Carr*, 169 F. Supp. 377, 378 (D. Md. 1959). A request for admission "should be confined to facts that are not

3

in material dispute." *United States v. Watchmakers of Switzerland Info. Cent., Inc.*, 25 F.R.D. 197, 201 (S.D.N.Y. 1959). Requests for admission should be capable of being answered by a yes or no. *See Johnstone v. Cronlund*, 25 F.R.D. 42, 45 (D. Pa.1960).

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy means that the evidence "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). The Court should broadly interpret whether evidence is relevant. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978). In this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Specifically, the Court may limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive." Fed. R. Civ. P. 26(b)(2).

As mentioned above, Requests for Admission are designed to narrow issues for trial, and it is certainly possible that these Requests for Admission will serve that purpose. While the Court has the authority to limit discovery, the Court finds that GE should be entitled to obtain responses to the discovery requests. Therefore, the Court concludes that Plaintiff should be required to respond to the Requests for Admission.

## II. Consultation of Counsel

Plaintiff next argues that the Motion should be denied because GE failed to consult with opposing counsel as required by the Local Rule 7.2(a)(1)(B). However, the Court concludes that

4

the parties engaged in sufficient consultation to satisfy the requirements of the Local Rules. Both parties admit that some discussion regarding Requests for Admission Nos. 11-18 took place, and while the parties may not have reached accord or been particularly amenable to the opposing parties' position, the parties did undertake to resolve the dispute before seeking court intervention. For these reasons, the Motion should not be denied because of a failure to consult with opposing counsel.

### III. Objections to the Discovery Requests

Plaintiff finally argues that it properly objected to GE's requests for admission because the requests asked Plaintiff to admit or deny statements using certain terms that are still in dispute and will remain in dispute until the Court rules on this matter's claim construction. Plaintiff states that these terms include "shadow tour capability," "automatic operation," "autopan mode," "storing means," "random access memory," "memory," "temporarily stored," and "written." (*See* Resp. to Mot. to Compel, at 6). GE, on the other hand, argues that Plaintiff should be able to respond to the discovery requests using the definitions it provides and Plaintiff's own definitions for these terms.

As discussed above, Requests for Admission are design to narrow the scope of issues for trial, and the scope of discovery is considered extremely broad in this Circuit. Plaintiff correctly points out in its Response that it is GE's burden of "setting forth its request simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification." *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003). Additionally, Plaintiff references a previous Order from the Court noting that statements

5

"in which one part of the question could be readily answered yes or no, whereas the remainder of the question require[s] explanation," are properly objectionable. *Johnstone v. Cronlund*, 25 F.R.D. 42, 46 (D. Pa.1960). Nevertheless, the Court is not persuaded that the references terms are so vague or open to inconsistent interpretations as to preclude Plaintiff from providing a response.

Plaintiff argues that its "hands are tied" and that it cannot admit or deny the requests because the Court has not defined the aforementioned terms. However, many of the terms are common to the industry, and it does not seem unreasonable for Plaintiff to respond before the Court renders its Claim Construction. If Plaintiff concludes that its responses to Requests for Admission Nos. 11-18 are materially affected after the Court renders its Claim Construction, Plaintiff can supplement its responses. Until then, Plaintiff should provide responses based upon the definitions provided by the Defendant, and if no definition is provided, then Plaintiff is free to employ its own construction of the referenced terms.

## CONCLUSION

For the reasons set forth above and for good cause shown, the Motion to Compel is **GRANTED**. Plaintiff shall provide responses to GE's Requests for Admission Nos. 11-18 within 11 days of entry of this Order.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE
Date: August 05, 2005

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 426 in case 2:03-CV-02330 was distributed by fax, mail, or direct printing on August 9, 2005 to the parties listed.

---

David W. Whealan
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

Paul F. Ware
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109--288

Albert L. Underhill
MERCHANT & GOULD PC
80 S. Eighth St.
3200 IDS Center
Minneapolis, MN 55402

Erik G. Swenson
MERCHANT & GOULD PC
80 S. Eighth St.
3200 IDS Center
Minneapolis, MN 55402

Michael J. Sweedler
DARBY & DARBY
805 Third Ave.
New York, NY 10022

John C. Snodgrass
Dickstein Shapiro Morin & Oshinsky LLP
2101 L. Street, N.W.
Washington, DC 20037

Earle J. Schwarz
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Steven J. Nachtwey
BARTLIT BECK HERMAN PALENCHAR & SCOTT
54 W. Hubbard St.
Ste. 300
Chicago, IL 60610

John J. Mulrooney
CRONE & MASON, PLC
5100 Poplar Ave.
Ste. 3200
Memphis, TN 38137

Gianni Minutoli
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

Alan E. Littmann
Bartlit Beck Herman Palenchar & Scott
Courthouse Place
54 West Hubbard Street
Suite 300
Chicago, IL 60610

Rachael Lea Leventhal
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037

Mark I. Koffsky
GOODWIN PROCTER LLP
599 Lexington Ave.
New York, NY 10022

Rachel C. Hughey
MERCHANT & GOULD PC
80 S. Eighth St.
3200 IDS Center
Minneapolis, MN 55402

Gary M. Hoffman
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

James Edward Hanft
DARBY & DARBY
805 Third Ave.
New York, NY 10022

Douglas F. Halijan
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Lee A Goldberg
DARBY & DARBY
805 Third Ave.
New York, NY 10022

Sean W. Gallagher
BARTLIT BECK HERMAN PALENCHAR & SCOTT
54 W. Hubbard St.
Ste. 300
Chicago, IL 60610

Laurence E. Fisher
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

John C. Englander
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109--288

Kemper B. Durand
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

J. Anthony Downs
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109--288

Douglas C. Doskocil
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109--288

Dipu A. Doshi
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

Robert E. Craddock
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Kenneth Brothers
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

Rebecca W. Bacon
BARTLIT BECK HERMAN PALENCHAR & SCOTT
54 W. Hubbard St.
Ste. 300
Chicago, IL 60610

DeAnna Allen
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

Honorable Samuel Mays
US DISTRICT COURT