IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 31 PM 4: 54

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| LECTROLARM CUSTOM SYSTEMS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO.   03-2330 Ma/An |
| VICON INDUSTRIES, INC., et al., | ) ) | |
| Defendants. | ) ) | |

## ORDER DENYING MOTION TO COMPEL RESPONSES BY SENSORMATIC, BOSCH AND VICON TO INTERROGATORIES AND REQUESTS FOR ADMISSIONS

Before the Court is Lectrolarm's Motion to Compel Responses by Sensormatic, Bosch and Vicon to Interrogatories and Requests for Admissions filed on May 10, 2005. For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

Plaintiff Lectrolarm Custom Systems, Inc. ("Plaintiff" or "Lectrolarm") initiated this action against fourteen Defendants on May 8, 2003 alleging infringement by Defendants of a patent owned by Plaintiff.[1] Service of process was executed upon twelve of the fourteen Defendants, and eight Defendants have since been dismissed by agreement of the parties. The remaining four Defendants filed Answers to the Complaint and Counter-Claims.[2]

---

[1] United States Patent Number 4,974,088 ("the '088 patent") relates to a remote control apparatus for regulating the rotation of a monitoring television camera in the horizontal and vertical directions.

[2] The remaining four Defendants are GE Interlogix, Inc., Vicon Industries, Inc., Sensormatic Electronics Corporation and Bosch Security Systems, Inc.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on  9-2-05

This motion stems from a previous discovery dispute between Lectrolarm and Defendant GE Interlogix, Inc. ("GE") concerning Interrogatories and Requests for Admission. Lectrolarm filed a motion to compel against GE on September 20, 2004, and on March 24, 2005, the Undersigned entered an Order requiring GE to supplement certain discovery responses. Up until the Court entered the March 25, 2005 Order, Plaintiff did not file a discovery motion requesting that the Court enter a similar Order against Defendants Vicon Industries, Inc. ("Vicon"), Sensormatic Electronics Corporation ("Sensormatic") or Bosch Security Systems, Inc. ("Bosch"). Plaintiff did not file a motion to compel against these three Defendants (collectively "Defendants") even though Plaintiff claims they supplied it with deficient discovery responses.

This motion centers around three Interrogatories, Nos. 2, 7 and 8a, and around Plaintiff's First Set of Requests for Admissions, served on Defendants on July 9, 2004. The Defendants served responses to the interrogatories and requests for admission, but as already mentioned, Plaintiff did not file a motion to compel against any of the Defendants. After the Court entered its March 25, 2005 Order, however, Plaintiff requested that the Defendants supply more complete discovery responses. The Defendants have refused to provide additional or more complete responses, so Plaintiff filed the instant Motion with the Court.

Plaintiff argues that immediate responses to the discovery requests are required because the Undersigned required GE to provide supplemental and more complete discovery responses. All three Defendants responded to the Motion, and the Defendants provide numerous arguments as to why the Motion to Compel should not be granted. Multiple parties were granted leave of court to file reply memoranda.

## ANALYSIS

This motion involves both interrogatories and requests for admissions. When dealing with all discovery requests, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy means that the evidence "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). The Court should broadly interpret whether evidence is relevant. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, *Federal Practice* § 26.96[1], at 26-131 n.34 (2d ed. 1976)). Moreover, in this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Thus, interrogatories should be answered if the response is not privileged and appears reasonably calculated to lead to the discovery of admissible evidence.

A request for admission under Federal Rule of Civil Procedure 36 is a time-saving device, designed to narrow the particular issues for trial. *See* Fed. R. Civ. P. 36 advisory committee's notes; *see also United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988) (internal citations omitted). "The purpose of Rule 36 . . . is to require admission of matters which ought to be admitted, or which will not be disputed at the trial, so that the time, trouble and expense required to prove them may be avoided." *Metropolitan Life Ins. Co. v. Carr*, 169 F. Supp. 377, 378 (D. Md. 1959). A request for admission "should be confined to facts that are not in material dispute." *United States v. Watchmakers of Switzerland Info. Cent., Inc.*, 25 F.R.D.

3

197, 201 (S.D.N.Y. 1959). Requests for admission should be capable of being answered by a yes or no. *See Johnstone v. Cronlund*, 25 F.R.D. 42, 45 (D. Pa.1960).

Although these discovery requests might involve relevant evidence, Plaintiff's Motion against the Defendants is untimely. While the scope of discovery is broad in this Circuit, a party should not be allowed to demand information from another party beyond certain deadlines. This motion involves discovery responses that were supplied to Plaintiff in the fall of 2003 and in the summer of 2004. No motion to compel, however, was filed against the Defendants after Plaintiff reviewed the interrogatory responses, and Plaintiff did not attempt to schedule a meet and confer with any of the Defendants after receiving their responses. Similar results occurred after Plaintiff received Defendants' responses to the Requests for Admissions.

The Court finds it troublesome that Plaintiff was in possession of the Defendants' discovery responses but failed to include any of the three remaining Defendants in the initial motion to compel filed against GE. Plaintiff argues in its Reply Brief that "[r]ather than flood this Court with a deluge of motions, Lectrolarm waited to hear the outcome fo that motion before targeting the other defendants on the same issues." Lectrolarm's Reply Brief, at 4. Plaintiff claims it decided to not include all four defendants because it wanted "to reduce the burden on all parties." *Id.* Nevertheless, there is no requirement in the Federal Rules of Civil Procedure or the Local Rules of this Court that states a party must file a motion only against one opposing party before waiting to see if the same legal requirement is applicable to all other opposing parties. Also, while Plaintiff stated in its Reply Brief that there was an understanding between it and the four defendants in this case requiring one legal ruling to apply to all involved parties, no such requirement has been ordered by the Court. Plaintiff had no problem filing the instant motion

4

against three defendants; therefore, the Court concludes it could have easily filed the initial motion to compel against all four defendants if Plaintiff had a problem with all of the Defendants' responses.

Both Sensormatic and Bosch were not informed of any deficiencies in their discovery responses. On November 12, 2004, Plaintiff's counsel sent a letter to Sensormatic's counsel addressing all discovery issues outstanding between the two parties. *See* Sensormatic's Opp'n to Mot. to Compel, at 4. That letter listed the following issues: "(1) postponing the deposition of a Sensormatic employee pending the production of updated financial summaries, (2) requesting the production of schematics for certain controller products that Lectrolarm had identified in its Court-ordered listing of accused products, and (3) scheduling 30(b)(6) and individual depositions." *Id* at 4. Plaintiff did not list Sensormatic's interrogatory and request for admission responses as pending problems. Furthermore, Plaintiff went on to request additional discovery from Sensormatic well after it had received Sensormatic's discovery responses; however, Plaintiff did not ask Sensormatic to supplement the responses to Interrogatory Nos. 2, 7, or 8a or supplement the responses to the requests for admissions.

In its Response, Bosch informs the Court that the parties conducted a meet and confer on February 25, 2005 at Plaintiff's counsel's office. Although this meet and confer lasted almost a full day, Plaintiff "never raised any issue with respect to Bosch's responses to the requests for admissions or Interrogatory Nos. 2, 7 and 8 that are the subject of this motion." Bosch Opp'n to Mot. to Compel, at 4. It was not until after the Court ordered GE to completely respond to the discovery requests that Plaintiff found deficiencies in Bosch's responses.

In its Response, Vicon does not address whether Plaintiff informed it that its discovery responses were deficient. However, Vicon does state that it received notice from Lectrolarm, after the January 2005 discovery deadline, of 420 additional Vicon products that Lectrolarm claims infringe on the '088 patent. *See* Vicon's Opp'n to Mot. to Compel, at 4. After "a substantial monetary and business disruption cost, Vicon substantially completed producing responsive documents" in May 2005. *Id.* There is simply no evidence that Vicon was informed of any deficiencies prior to the Court's March 2005 Order.

Even more troubling, only days before the Undersigned issued the Order compelling GE to supplement its discovery responses, Plaintiff informed Judge Mays that "the parties have completed discovery." Sensormatic's Opp'n to Mot. to Compel, at 7. Plaintiff also informed Judge Mays that "the discovery deadline has passed and the parties are wrapping up the few remaining issues." *Id.* Plaintiff did not take time to inform Judge Mays that it was seriously prejudiced by deficiencies contained in Defendants' discovery responses.

Rule 16(b) of the Federal Rules of Civil Procedure require a court to enter certain pre-trial deadlines in order to expedite the judicial process. These deadlines should not be changed absent a showing of good cause. *See Latonia Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citing *Bradford v. Dana Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). The Court's January 2005 deadline passed before Plaintiff filed this Motion, and the Rule 16(b) Scheduling Order shows that written discovery is closed in this case. Plaintiff has shown no good cause reason for considering the instant motion at this late date. Because it waited so long to file the instant motion and because Defendants were afforded no notice of any potential deficiency until well

6

after the deadline for the completion of discovery had passed, the Court concludes that the instant motion should be denied.

Additionally, the instant motion seeks different information than those contained in the previously filed motion to compel against GE. For example, the substantive issue in the instant motion surrounding Interrogatory No. 7 is entirely different than the substantive issues surrounding Interrogatory No. 7 in the motion to compel against GE. In the first motion, Lectrolarm wanted GE to provide sales figures contained on old backup tapes, and GE argued it did not have a means of exporting the data off of the tapes. In the instant motion, however, Plaintiff argues that Sensormatic has not included "a break out of sales data on a product-by-product basis." *Id.* at 9. Plaintiff also argues that "Defendants have not appropriately answered this interrogatory because none of their responses . . . identifies the specific records from which the answers may be derived. *Id.* at 10. Therefore, Plaintiff is addressing different issues in this motion than in the prior motion.

Because this Motion involves claims and assertions for each Defendant different from those involving GE, the Court cannot apply the previous Order to this case. Plaintiff should have either filed a motion to compel against each specific Defendant after receiving the various discovery responses, or Plaintiff should have informed each Defendant of any deficiencies in its discovery responses. By waiting until four months beyond the close of discovery and even more months beyond the Defendants' service of its discovery responses on Plaintiff, any order compelling Defendants to respond would be prejudicial. The motion to compel is untimely, and Plaintiff has presented the Court with no good cause reason to consider such a late-filed motion. Therefore, for these reasons, the instant Motion, as applied to all three Defendants, is **DENIED**.

7

IT IS SO ORDERED.

*S. Thomas Anderson*
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: August 31, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 431 in case 2:03-CV-02330 was distributed by fax, mail, or direct printing on September 2, 2005 to the parties listed.

---

David W. Whealan
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

Paul F. Ware
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109--288

Albert L. Underhill
MERCHANT & GOULD PC
80 S. Eighth St.
3200 IDS Center
Minneapolis, MN 55402

Erik G. Swenson
MERCHANT & GOULD PC
80 S. Eighth St.
3200 IDS Center
Minneapolis, MN 55402

Michael J. Sweedler
DARBY & DARBY
805 Third Ave.
New York, NY 10022

John C. Snodgrass
Dickstein Shapiro Morin & Oshinsky LLP
2101 L. Street, N.W.
Washington, DC 20037

Earle J. Schwarz
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Steven J. Nachtwey
BARTLIT BECK HERMAN PALENCHAR & SCOTT
54 W. Hubbard St.
Ste. 300
Chicago, IL 60610

John J. Mulrooney
CRONE & MASON, PLC
5100 Poplar Ave.
Ste. 3200
Memphis, TN 38137

Gianni Minutoli
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

Alan E. Littmann
Bartlit Beck Herman Palenchar & Scott
Courthouse Place
54 West Hubbard Street
Suite 300
Chicago, IL 60610

Rachael Lea Leventhal
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037

Mark I. Koffsky
GOODWIN PROCTER LLP
599 Lexington Ave.
New York, NY 10022

Rachel C. Hughey
MERCHANT & GOULD PC
80 S. Eighth St.
3200 IDS Center
Minneapolis, MN 55402

Gary M. Hoffman
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

James Edward Hanft
DARBY & DARBY
805 Third Ave.
New York, NY 10022

Douglas F. Halijan
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Lee A Goldberg
DARBY & DARBY
805 Third Ave.
New York, NY 10022

Sean W. Gallagher
BARTLIT BECK HERMAN PALENCHAR & SCOTT
54 W. Hubbard St.
Ste. 300
Chicago, IL 60610

Laurence E. Fisher
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

John C. Englander
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109--288

Kemper B. Durand
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

J. Anthony Downs
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109--288

Douglas C. Doskocil
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109--288

Dipu A. Doshi
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

Robert E. Craddock
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Kenneth Brothers
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

Rebecca W. Bacon
BARTLIT BECK HERMAN PALENCHAR & SCOTT
54 W. Hubbard St.
Ste. 300
Chicago, IL 60610

DeAnna Allen
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

Honorable Samuel Mays
US DISTRICT COURT