IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG 31 PM 2: 24

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| LECTROLARM CUSTOM SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO.  03-2330 Ma/An |
| VICON INDUSTRIES, INC., et al., | ) ) | |
| Defendants. | ) | |

## ORDER GRANTING GE INTERLOGIX, INC.'S MOTION TO COMPEL DEPOSITION TESTIMONY OF PLAINTIFF LECTROLARM CUSTOM SYSTEMS, INC.

Before the Court is Defendant GE Interlogix, Inc.'s ("GE") Motion to Compel Deposition Testimony of Plaintiff Lectrolarm Custom Systems, Inc. ("Plaintiff") filed on June 28, 2005. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff Lectrolarm Custom Systems, Inc. ("Plaintiff" or "Lectrolarm") initiated this action against fourteen Defendants on May 8, 2003 alleging infringement by Defendants of a patent owned by Plaintiff.[1] Service of process was executed upon twelve of the fourteen Defendants, and eight Defendants have since been dismissed by agreement of the parties. The remaining four Defendants filed Answers to the Complaint and Counter-Claims.[2]

---

[1] United States Patent Number 4,974,088 ("the '088 patent") relates to a remote control apparatus for regulating the rotation of a monitoring television camera in the horizontal and vertical directions.

[2] The remaining four Defendants are GE Interlogix, Inc., Vicon Industries, Inc., Sensormatic Electronics Corporation and Bosch Security Systems, Inc.

1

Defendant Bosch Security Systems, Inc. ("Bosch") served Plaintiff with a Rule 30(b)(6) deposition notice in June 2004, and GE served Plaintiff with two Rule 30(b)(6) notices in October and December 2004.[3] The Court's initial Rule 16(b) Scheduling Order provided that each party was entitled to take fourteen hours of Rule 30(b)(6) deposition testimony, but Plaintiff did not provide its Rule 30(b)(6) designees until after the Court instructed it to produce designees for 14 total hours in January 2005. After the Court ordered Plaintiff to produce its designees, however, the Court modified this matter's initial Scheduling Order in February 2005 and permitted each party a total of 21 hours to conduct Rule 30(b)(6) depositions.

After some negotiation by the parties, Rule 30(b)(6) depositions occurred on May 16-18, 2005. Defendants deposed Plaintiff's corporate designees for approximately 16.5 hours on these three days. Defendants were unsatisfied with the deposition testimony of Plaintiff's corporate designees, including Mr. Alfred Alperin, Ms. Teresa Ford, and Mr. Gary Vanderford, so GE filed the instant Motion requesting that the Court compel Plaintiff to produce designees to complete the Rule 30(b)(6) depositions. Defendants request Plaintiff's designee or designees be prepared to testify on three categories: (1) information regarding Plaintiff's 11 licenses to the patents in suit, (2) the *Georgia Pacific* factors used to evaluate reasonable royalty fees, and (3) Lectrolarm's general business operations. Lectrolarm has responded to this Motion, and provides the Court with numerous reasons why the instant Motion should be denied. The Court will address Plaintiff's arguments below.

---

[3]Bosch noticed Plaintiff with respect to 14 topics, which are numbered 1 - 14. In order to avoid confusion, GE's noticed topics are numbered from 15 - 56.

## ANALYSIS

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevancy means that the evidence "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). The Court should broadly interpret whether evidence is relevant. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978) (quoting 4 J. Moore, *Federal Practice* § 26.96[1], at 26-131 n.34 (2d ed. 1976)). Moreover, in this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

The instant Motion involves Rule 30(b)(6) testimony. Rule 30(b)(6) of the Federal Rules of Civil Procedure states:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

Fed. R. Civ. P. 30(b)(6). Thus, when such a deposition is sought, it is incumbent upon the organization to designate a person with knowledge of the topics to be discussed in that deposition. *In re Air Crash Disaster at Detroit Metropolitan Airport on August 16, 1987*, 130 F.R.D. 627, 631 (E.D. Mich. 1989). "The corporation then must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give

3

complete, knowledgeable and binding answers on behalf of the corporation." *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989); *see also Poole v. Textron, Inc.*, 192 F.R.D. 494, 504 (D. Md. 2000) (stating that counsel "should prepare the designated witness to be able to provide meaningful information about any designated area(s) of inquiry").

The Court has the authority to grant appropriate relief if a party fails to comply with the requirements of Rule 30(b)(6). *See* Fed. R. Civ. P. 37(a)(4). "An inadequate Rule 30(b)(6) designation amounts to a refusal or failure to answer a deposition question. Among the other remedies, the Court can require the corporation to re-designate its witnesses and mandate their preparation for re-deposition at the corporation's expense." *Marker*, 125 F.R.D. at 126.

In this case, Defendants argue that Plaintiff has failed to provide a corporate designee who can adequately respond to questions on a series of noticed topics. The purpose of Rule 30(b)(6) depositions is for parties to depose and gain factual knowledge from a corporation's representatives. As with all discovery in this Circuit, the scope of Rule 30(b)(6) depositions is extremely broad. The corporation, however, is free to produce whichever designee it feels comfortable with producing, so long as the designee is sufficiently prepared and is able to adequately respond to the topics noticed by the opposing party.

Plaintiff first argues that Defendants have used all their allotted time for conducting Rule 30(b)(6) depositions. Plaintiff notes that Defendants are entitled to review the transcripts of ten days of Rule 30(b)(6) depositions from the *Pelco* litigation, but the amount of Rule 30(b)(6) testimony from the *Pelco* litigation is irrelevant as to whether Plaintiff must produce corporate designees in the instant case. As mentioned, the purpose of 30(b)(6) depositions is to elicit discoverable information from a corporate party. Defendants in this case should be allowed to

question Plaintiff's corporate designees on any relevant topic. Plaintiff also argues that Defendants have used 16.5 hours to depose its designees, while the initial Scheduling Order provided each party with only 14 hours to depose designees. Plaintiff, however, neglects to mention that a month after the Court instructed Plaintiff to produce its corporate designees for 14 hours, the Court extended the time for each party to conduct Rule 30(b)(6) depositions to 21 hours. Therefore, Plaintiff must still produce its designees for 4.5 additional hours.

The remainder of Plaintiff's assertions are not persuasive to the Court. Contrary to Plaintiff's position that discovery has closed in this case, the Court concludes that discovery is not completely closed. Only recently, the Undersigned entered an Order stating that "the deadlines for expert disclosures, dispositive motions, disclosure of witnesses and exhibits, and motions and limine should be stayed" until Judge Mays either renders a Claim Construction decision or instructs the parties to proceed with pre-trial deadlines. *See Lectrolarm Custom Systems, Inc. v. Vicon Industries, Inc.*, Order (W.D. Tenn. Aug. 1, 2005). Additionally, the parties were given additional time to conduct Rule 30(b)(6) depositions in February, after the tentative date for the close of factual discovery. Therefore, while some discovery may indeed be closed, Defendants should not be preempted from conducting their 21 total hours of Rule 30(b)(6) depositions.

In its Motion, Plaintiff also argues that it should be Lectrolarm's "prerogative to select its designee, not the defendants." The Court does not disagree with Plaintiff, but Plaintiff's argument does not convince the Court to deny the instant Motion. The Court will not instruct Plaintiff to produce a specific designee in response to Defendants' noticed topics unless Plaintiff refuses to produce the only witness who can adequately respond to a noticed topic. Defendant

5

requests in its Motion that the Court compel Plaintiff to produce Mr. Gary Hoffman, Mr. Ken Brothers, and Mr. Marty Belz for a Rule 30(b)(6) deposition, but as the Court has mentioned, it is not the Court's job to ordinarily compel a party to produce a specific corporate designee.[4] So long as Plaintiff produces competent witnesses for all of the deposition topics discussed below and so long as Plaintiff prepares its designees for the deposition, Plaintiff may choose to produce whichever witness it prefers.

Plaintiff also argues that this Motion should be denied because its designees were more than adequately prepared for the Rule 30(b)(6) depositions; however, after reviewing GE's Motion, the Court concludes that Plaintiff's designees were not sufficiently knowledgeable to respond to questions about some of the noticed topics. Multiple times throughout the three days, Plaintiff's designees appeared unprepared to answer certain questions; therefore, the instant Motion should not be denied because of the performance of Plaintiff's previously called corporate designees.

Plaintiff also argues in its Motion that it should not be required to produce designees for the various deposition topics noticed by Defendants. The Court, however, notes that the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). While Plaintiff argues the deposition topics relating to licenses, the *Georgia Pacific* factors, and Lectrolarm's general business practices are irrelevant, duplicative, or better handled by expert witnesses, the Court concludes that Defendants should nevertheless be entitled to

---

[4]Plaintiff argues in its Response that the Court's ordering of Plaintiff's trial counsel to appear at the Rule 30(b)(6) deposition would be unduly prejudicial to Plaintiff. The Court agrees with Plaintiff, and at this time, Plaintiff should not be compelled to produce its trial counsel at the Rule 30(b)(6) deposition.

6

depose corporate designees on these topics for 4.5 additional hours. Defendants have the freedom to use their Rule 30(b)(6) deposition time to elicit whatever factual information they seek from Plaintiff's corporate representatives, and the Court will not restrict Defendants from asking questions about potentially relevant topics. As such, Plaintiff should produce corporate designees capable of responding to questions about the remaining noticed topics.

## CONCLUSION

For the reasons set forth above and for good cause shown, the Motion to Compel is **GRANTED**. Plaintiff shall be required to produce a corporate designee or designees that are capable of adequately responding to the deposition topics addressed in GE's Motion to Compel. Defendants shall be entitled to 4.5 additional hours of Rule 30(b)(6) testimony from Plaintiff.

**IT IS SO ORDERED.**

S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: August 30, 2005



# Notice of Distribution

This notice confirms a copy of the document docketed as number 435 in case 2:03-CV-02330 was distributed by fax, mail, or direct printing on September 6, 2005 to the parties listed.

---

Lee A Goldberg
DARBY & DARBY
805 Third Ave.
New York, NY 10022

Sean W. Gallagher
BARTLIT BECK HERMAN PALENCHAR & SCOTT
54 W. Hubbard St.
Ste. 300
Chicago, IL 60610

Kenneth Brothers
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

Gianni Minutoli
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

Alan E. Littmann
Bartlit Beck Herman Palenchar & Scott
Courthouse Place
54 West Hubbard Street
Suite 300
Chicago, IL 60610

Michael J. Sweedler
DARBY & DARBY
805 Third Ave.
New York, NY 10022

Erik G. Swenson
MERCHANT & GOULD PC
80 S. Eighth St.
3200 IDS Center
Minneapolis, MN 55402

Kemper B. Durand
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

J. Anthony Downs
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109--288

Dipu A. Doshi
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

Mark I. Koffsky
GOODWIN PROCTER LLP
599 Lexington Ave.
New York, NY 10022

Gary M. Hoffman
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

Albert L. Underhill
MERCHANT & GOULD PC
80 S. Eighth St.
3200 IDS Center
Minneapolis, MN 55402

David W. Whealan
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022

Douglas F. Halijan
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

John C. Snodgrass
Dickstein Shapiro Morin & Oshinsky LLP
2101 L. Street, N.W.
Washington, DC 20037

Paul F. Ware
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109--288

Douglas C. Doskocil
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109--288

Laurence E. Fisher
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

Robert E. Craddock
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

DeAnna Allen
DICKSTEIN SHAPIRO MORIN & OSHINSKY
2101 L Street, N.W.
Washington, DC 20037--152

Steven J. Nachtwey
BARTLIT BECK HERMAN PALENCHAR & SCOTT
54 W. Hubbard St.
Ste. 300
Chicago, IL 60610

Rebecca W. Bacon
BARTLIT BECK HERMAN PALENCHAR & SCOTT
54 W. Hubbard St.
Ste. 300
Chicago, IL 60610

John J. Mulrooney
CRONE & MASON, PLC
5100 Poplar Ave.
Ste. 3200
Memphis, TN 38137

James Edward Hanft
DARBY & DARBY
805 Third Ave.
New York, NY 10022

Rachael Lea Leventhal
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, DC 20037

Rachel C. Hughey
MERCHANT & GOULD PC
80 S. Eighth St.
3200 IDS Center
Minneapolis, MN 55402

Earle J. Schwarz
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

John C. Englander
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109--288

Honorable Samuel Mays
US DISTRICT COURT