IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| LECTROLARM CUSTOM SYSTEMS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 03-CV-2330 |
| v. | ) ) ) ) | Judge Mays |
| VICON INDUSTRIES, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

**<u>ORDER DENYING MOTION FOR LEAVE TO TAKE DEPOSITIONS</u>**

Before the Court, by way of Order of Reference for determination, is the Motion for Leave to Conduct Fact Depositions on Newly Discovered Prior Art Evidence filed by Defendants Bosch Security Systems, Inc. UTC Fire & Security Americas Corporation, Inc. and Sensormatic Electronics, LLC (the "Moving Defendants") filed on April 27, 2011 (D.E. # 708).

On September 5, 2007, the case was stayed pending a ruling from the U.S. Patent and Trademark Office. (D.E. #617) On September 10, 2010, the parties participated in a status conference at which time a revised schedule was set for the remaining events in the case. (D.E. # 632) During the conference, Judge Mays set December 31, 2010 as the deadline for fact discovery and limited fact discovery "exclusively to damages without any depositions planned." Transcript of Status Conference (D.E. #737 hereinafter referred to as Transcript), p 32, l 10 – 14. Counsel for GE Interlogix, Inc. (now UTC Fire & Security Americas Corporation, Inc.) mentioned that Vicon had found prior art evidence and that the evidence was only recently disclosed to the parties. (Transcript p 34, l 11 – 15; p 35, l 11 – 15, 23 – p 36, l 2). Judge Mays declined to address the issue of the prior art and repeatedly emphasized that the December 31st fact discovery deadline was limited to damages.

On January 3, 2011, Bosch filed a Motion for Extension of Time to Complete Discovery as to Damages.  (D.E. # 677)  This motion did not mention the need to extend the deadline or otherwise address the need for discovery regarding the prior art.  Judge Mays granted the motion and extended the deadline to February 15, 2011.  (D.E. # 679)

The Moving Defendants seek leave to take fact depositions regarding the "newly" discovered prior art evidence by way of a motion filed four months after the expiration of the only remaining fact discovery deadline[1].  Fed. R. Civ. P. 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent."  "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir.2002)[2] (quoting *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir.2001)).  "Because a court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded ... without peril, a movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order." *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.,* 262 F.Supp.2d 618, 632 (D.Md.2003) (internal citations and quotation marks omitted). Because of burgeoning caseloads and clogged court calendars, it is imperative that district courts be allowed to manage litigation.  Scheduling orders are critical in moving cases to a just outcome in an efficient manner. See *Luigino's, Inc. v. Pezrow Cos.,* 178 F.R.D. 523, 525 (D.Minn.1998). In order to accomplish this end, deadlines "must have teeth" and must be enforced by the courts. See *Jones-Bey v. Wright,* No. 3:94CV0218 AS, 1996 WL 441786, at *4 (N.D.Ind. July 22, 1996).

---

[1] Prior to the entry of the stay, the fact discovery deadline was January 17, 2005 (D.E. # 280)

[2] Some Circuits end the inquiry once there is a finding that the movant was not diligent in following the scheduling order.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Fed. R. Civ. P. 6(b)(2) permits the court to extend the time to act (after the time to act has expired) upon a finding of good cause if the party failed to act because of excusable neglect. The Rule 6(b) excusable neglect standard requires the court to consider five factors: (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its impact on the case, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the moving party acted in good faith despite the delay. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

The Court finds that there is no excusable neglect in this case which would justify an extension of the deadline. The Moving Defendants provide no meaningful reason for not seeking the depositions prior to the December 31, 2010 deadline or for seeking leave to open fact discovery to issues outside the limited scope of damages. To reopen fact discovery at this date would undoubtedly prejudice the Plaintiff. The length of the delay was entirely the responsibility of the Moving Defendants. They certainly knew as early as the September 10, 2010 status conference that this was an area that they needed to explore yet they failed to address the court formally for leave to conduct fact discovery into this area until seven months later. Finally, the length of the delay will have an impact on the case. Expert report deadlines have passed. The dispositive motion deadline is September 15, 2011. The trial is currently set for January 23, 2012. To reopen fact discovery, even for these two depositions, will cause this already aged case to incur unwarranted delay.

The Motion is DENIED.

**IT IS SO ORDERED** this 23rd day of August, 2011.

                                                s/ Charmiane G. Claxton
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE