IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LECTROLARM CUSTOM SYSTEMS, INC.,

        Plaintiff,

v.                                              Case 2:03-cv-02330-SHM-cgc

VICON INDUSTRIES, et al.,

        Defendants.

**ORDER DENYING DEFENDANT BOSCH SECURITY SYSTEMS, INC.'S MOTION
FOR RECOVERY OF FEES AND COSTS**

Before the Court is Defendant Bosch Security Systems, Inc.'s ("Bosch") Motion for Recovery of Fees and Costs ("Motion"). (D.E. #753). The Motion was referred to United States Magistrate Judge Charmiane G. Claxton for determination. For the reasons set forth herein, the Motion is DENIED.

**I. Introduction**

On October 6, 2011, Plaintiff Lectrolarm Custom Systems, Inc. ("Lectrolarm"), Defendant Sensormatic Electronics Corporation ("Sensormatic"), and Bosch filed a Joint Motion for Status Conference. (D.E. #742). The Joint Motion for Status Conference stated that its proposed purpose was to discuss the schedule going forward in light of the District Court's September 6, 2011 Order Clarifying Claim Construction. The District Court granted the Joint Motion for Status Conference and set the status conference for October 19, 2011 at 9:00 a.m. (D.E. #745).

On October 17, 2011, counsel for Lectrolarm and counsel for Bosch had several

1

communications regarding the upcoming status conference. At 7:58 a.m.[1], counsel for Lectrolarm emailed counsel for Bosch asking to postpone the hearing for "a week or so" in order "to explore settlement." (Mot. at Exh. 1). At 8:01 a.m., counsel for Bosch responded, "No. We want the hearing to go forward." (*Id.*). At approximately 10:02 a.m., counsel for Lectrolarm and counsel for Bosch spoke via telephone, and counsel for Bosch again indicated that he would not agree to postpone the status conference. (Mot. at Exh. 2).

At 2:18 p.m., counsel for Lectrolarm emailed a draft Joint Motion to Cancel Status Conference to counsel for Bosch stating that it needed to be "on file ASAP" and requesting "immediate authorization to file." (Mot. at Exh. 3). The draft Joint Motion to Cancel Status Conference erroneously listed Defendant UTC Fire & Security Americas Corporation, Inc. ("UTC") instead of Bosch. (*Id.*). The email also proposed "that the parties stipulate to judgment." (*Id.*). According to Bosch, the email also contained a proposed judgment, which counsel for Lectrolarm asked them to "advise if you have any objections or comments to the proposed stipulation." (*Id.*)

At 2:22 p.m., counsel for Bosch responded that he could not "give immediate authorization." (Mot. at Exh. 4). Bosch's counsel explains that he was "out of the office and unable to read the attachments to the email or fully appreciate what Lectrolarm was attempting to do." (Mot. ¶ 4). At 2:25 p.m., counsel for Lectrolarm again inquired if "Bosch will oppose, or take no position" on the draft Joint Motion to Cancel Status Conference. (Mot. at Exh. 5). Counsel for Bosch responded that "it is not likely that [he] can take any position today." (*Id.*).

At 3:49 p.m., Lectrolarm filed a Motion to Cancel Status Conference ("Motion to Cancel")

---

[1] Although counsel for the respective parties are in both the Central Time Zone and the Eastern Time Zone, the times will be provided in Central Daylight Time, as that is the time zone of this Court.

(D.E. #749), which stated that "Bosch has not taken a position on the motion." (Mot. at Exh. 6). The proposed order granting the Motion to Cancel was submitted to the Court at 3:58 p.m.,[2] and it included a finding of "no opposition by the Defendants" as grounds for the relief requested. (Mot. at Exh. 7). Bosch states that its counsel was not copied on the submission of the proposed order to the Court. (Mot. ¶ 7). At 3:59 p.m.[3], counsel for Bosch emailed counsel for Lectrolarm to advise that the Motion to Cancel was "misleading" and that Bosch "did not 'not take a position'" but rather "could not 'immediately' take a position." (Mot. at Exh. 8). Accordingly, Bosch requested that Lectrolarm withdraw its motion and correct it. (*Id.*) Bosch further reaffirmed its position "that the status conference should go forward." (*Id.*).

At 4:09 p.m., counsel for Lectrolarm sent the proposed order related to the Motion to Cancel to counsel for Bosch. (Mot. at Exh. 9). At 4:12 p.m., counsel for Bosch contacted counsel for Lectrolarm to question the accuracy of Lectrolarm's filing and reiterate that Bosch had specifically advised that it opposed postponing the status conference. (*Id.*).

At 6:35 p.m., counsel for Bosch filed its Response in Opposition to Lectrolarm's Motion to

---

[2] The time reflect on Lectrolarm's submission of the proposed order to the Court, which is attached to the Motion as Exhibit 7, is 4:58 p.m. Bosch states in its motion that it was 3:58 p.m. CDT, which Lectrolarm does not dispute in its Response. Bosch does appear to be correct, as the subsequent emails related to this submission occur at 4:04 p.m. CDT (Exh. 8), 4:07 p.m. CDT (Exh. 8), 4:09 p.m. CDT (Exh. 7), and 4:12 p.m. CDT (Exh. 9). However, the precise time of the submission of the proposed order to the Court, while relevant to the sequence of communications, does not materially affect the Court's analysis of the instant Motion.

[3] The time reflected on this email from Bosch's counsel, which is attached to the Motion as Exhibit 8, is 4:59 p.m. Bosch states in its motion that it was 3:59 p.m. CDT, which Lectrolarm does not dispute in its Response. Bosch does appear to be correct, as the subsequent emails related to this communication occur at 4:04 p.m. CDT (Exh. 8), 4:07 p.m. CDT (Exh. 8), 4:09 p.m. CDT (Exh. 7), and 4:12 p.m. CDT (Exh. 9). However, the precise time of the delivery of this email, while relevant to the sequence of communications, does not materially affect the Court's analysis of the instant Motion.

3

Cancel. (D.E. #750). Counsel for Bosch explained that it had not agreed to postponing the status conference and that it was not able to give "immediate authorization" for the Motion to Cancel. Counsel for Bosch stated that Lectrolarm did not adequately explain this distinction in its Motion to Cancel, precipitating the need to file the Response. Bosch argued that, since the parties jointly moved for the status conference on October 6, 2011, the status has not changed and Bosch still desires to hold the status conference. Bosch further argued that, although Lectrolarm's Motion to Cancel indicates the parties are engaged in settlement discussions, Bosch and Lectrolarm were not currently in settlement discussions. Ultimately, Bosch states that it opposes the relief requested in the Motion to Cancel.

On October 18, 2011, the District Court had not yet ruled upon Lectrolarm's Motion to Cancel, which had only been filed the previous afternoon. At 4:47 p.m., counsel for Bosch departed Minneapolis, Minnesota by airplane to Memphis, Tennessee. (Mot. at Exh. 2). Counsel for Bosch indicated that he was "[e]xpecting the status conference to occur as scheduled." (Mot. ¶ 13). At 5:14 p.m., the District Court entered Lectrolarm's proposed order cancelling the status conference, which includes Lectrolarm's proposed finding of "no opposition by Defendants." (Mot. at Exh. 11). Counsel for Bosch supposes that the court was "thinking the motion was 'unopposed'" and that the Court was "tricked into granting Lectrolarm's motion and denied the opportunity to consider Bosch's opposition beforehand." (Mot. ¶¶ 11, 14). Accordingly, Bosch requests that it be reimbursed by Lectrolarm for its travel expenses and attorneys' fees for the travel to Memphis and the attorneys' fees for the "evaluation of the proper course of action and ultimately preparing this motion." (Mot. ¶¶ 13, 15).

On November 7, 2011, Lectrolarm filed its Response to Bosch's Motion for Recovery. (D.E.

4

#759). Lectrolarm stated that the Motion has no merit because it made no misrepresentations to the Court and accurately described the basis for the motion. (Resp. at 1). Lectrolarm argues that, because it had offered to stipulate to entry of final judgment against it, this mooted the need for any further proceedings, including the status conference. (*Id.*). Lectrolarm further argues that it had accurately described its efforts to meet and confer with Bosch's counsel before filing the motion because the "fact that Bosch's counsel declined to take a position in response to Lectrolarm's meet and confer request was accurately noted in Lectrolarm's filing." (*Id.*).

Lectrolarm argues that Bosch's counsel "elected to travel to Memphis knowing that there was a pending motion to cancel the status conference." (*Id.*). Lectrolarm argues that its out-of-town counsel and co-defendant Sensormatic's out-of-town counsel both had not planned to travel to attend the status conference in person but rather were to attend by phone. (*Id.*). Thus, Lectrolarm argues that there was no reason for Bosch's counsel to travel even aside from the pending Motion to Cancel. (*Id.*). Lectrolarm states that the District Judge was in trial on October 19, 2011, and that he cancelled all scheduling conferences on that day; thus, Lectrolarm posits that "this conference likely would have been cancelled even if Lectrolarm had made no motion." (*Id.*).

Finally, Lectrolarm argues that Bosch's Motion for Recovery should be denied for failure to comply with Local Rule 7.2(a)(1)(B), which requires certification that the parties have met and conferred regarding the substance of the motion. Upon review, it does appear that no Certificate of Consultation was filed with Bosch's Motion for Recovery.

**II. Analysis**

The sole issue in the instant Motion is whether Lectrolarm should be required to reimburse Bosch's costs and fees associated with its counsel's travel to Memphis for the October 19, 2011

5

status conference and its efforts thereafter to address Lectrolarm's purportedly inaccurate Motion to Cancel.

With respect to the travel expenses, the Court concludes that Bosch was aware of the filing of Lectrolarm's Motion to Cancel, and had indeed filed its Response, before its counsel boarded a plane to Memphis. Counsel for Bosch was aware that the Motion to Cancel was still pending before traveling. Thus, counsel for Bosch elected to travel to Memphis knowing that the Court may elect to grant the relief requested by Lectrolarm and the other joint filers. Additionally, it appears that counsel for Bosch could have attended telephonically as well. While it is certainly counsel's choice to elect to attend in person, counsel for Bosch cannot expect another party to reimburse the cost of its attendance when a Motion to Cancel was already pending.

With respect to the expenses incurred in the filing of the Motion for Recovery, the Court likewise finds that it is not appropriate to require Lectrolarm to reimburse Bosch for these expenses. Bosch's opposition to the cancellation was duly filed on October 17, 2011 and was on the record before the Court ruled upon the Motion to Cancel. The Court elected to cancel the status conference over Bosch's objection. Accordingly, the Court concludes that no appropriate grounds exist for Bosch's recovery of its proposed fees and costs.

In addition to the substantive bases for denying Bosch's Motion, the Court additionally finds that Bosch did fail to file a certificate of consultation by counsel regarding this Motion. Local Rule 7.2(a)(1)(B) requires that all motions, with the exception of certain motions not applicable here, "shall be accompanied by a certificate of counsel affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion." Local Rule 7.2(a)(1)(B) further provides

6

that "[f]ailure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion." Accordingly, the failure to comply with the Local Rules provides an additional ground to reject Bosch's requests for recovery. As such, Bosch's Motion for Recovery is DENIED.

**III. Conclusion**

For the reasons set forth herein, Bosch's Motion for Recovery of Fees and Costs (D.E. #753) is DENIED.

**IT IS SO ORDERED** this 13th day of December, 2011.

s/ Charmiane G. Claxton<br>
CHARMIANE G. CLAXTON<br>
UNITED STATES MAGISTRATE JUDGE